# UNITED STATES DISTRICT COURT
for the
Southern District of California

NOV - 2 2017

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

SCG FOR
K. McGRATH
11/2/17

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
                                                              ) Case No.   '17MJ9171
One (1) Black LG Cellular Telephone, Model No. )
LG-B470, IMEI: 359926-08-098377-1 )

## APPLICATION FOR A SEARCH WARRANT

    I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-1, which is incorporated by reference.

located in the     Southern     District of     California    , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-1, which is incorporated by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    ☑ evidence of a crime;

    ☐ contraband, fruits of crime, or other items illegally possessed;

    ☐ property designed for use, intended for use, or used in committing a crime;

    ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841 and 846 | Distribution of controlled substances and conspiracy to do the same |

The application is based on these facts:
See Affidavit of DEA Agent Jessica Lohner, which is hereby incorporated by reference and made part hereof.

    ☑ Continued on the attached sheet.

    ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jessica Lohner, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: November 2, 2017
        @ 12:30 p.m.

*Judge's signature*

City and state: El Centro, CA        Hon. Peter C. Lewis, Magistrate Judge
                                                           *Printed name and title*

## ATTACHMENT A-1

### PROPERTY TO BE SEARCHED

The following property is to be searched:

>One (1) Black LG Cellular Telephone
>Model No. LG-B470
>IMEI: 359926-08-098377-1

**(Target Device 1)**

The Target Device is currently in the possession of the Department of Justice, Drug Enforcement Administration, Imperial County District Office, 2425 La Brucherie Road, Imperial, CA 92251.

# **ATTACHMENT B-1**
ITEMS TO BE SEIZED

Authorization to search the cellular/mobile telephone described in Attachment A-1 includes the search of disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone for evidence described below. The seizure and search of the cellular/mobile telephones shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular/mobile telephones will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of August 1, 2017 up to and including September 4, 2017.

a. tending to indicate efforts to memorialize the delivery of methamphetamine or some other controlled substances and/or the importation of controlled substances, including, but not limited to: phone logs, messages, photos, contact lists, and financial records;

b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the manufacture, distribution, or delivery of methamphetamine or some other controlled substances within the United States, or conspiracy thereof;

c. tending to identify co-conspirators, criminal associates, or others involved in the manufacture, distribution, or delivery of methamphetamine or some other controlled substances within the United States, or conspiracy thereof;

d. tending to identify travel to or presence at locations involved in the manufacture, distribution, or delivery of methamphetamine or some other controlled substances within the United States, or conspiracy thereof, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the subject telephone; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

which are evidence of violations of Title 21, United States Code, Sections 841 and 846.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>One (1) Black LG Cellular Telephone<br>Model No. LG-B470<br>IMEI: 359926-08-098377-1<br><br>One (1) Black Doppio TELCEL<br>Cellular Telephone<br>Model No. F1810<br>IMEI: 356945073817971<br><br>One (1) Black LOGIC Cellular<br>Telephone<br>Model No. X1<br>IMEI: 351617070211327 | Case No.: **'17MJ9171**<br><br>**AFFIDAVIT OF DEA SPECIAL AGENT JESSICA LOHNER IN SUPPORT OF AN APPLICATION FOR A SEARCH WARRANT** |

NOV - 2 2017
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

I, Jessica Lohner, with the United States Drug Enforcement Administration, being duly sworn, depose and state as follows:

## INTRODUCTION

1. This affidavit supports an application for a warrant to search the following electronic devices:

 a. One (1) Black LG Cellular Telephone
    Model No. LG-B470
    IMEI: 359926-08-098377-1
 b. One (1) Black Doppio TELCEL Cellular Telephone
    Model No. F1810
    IMEI: 356945073817971
 c. One (1) Black LOGIC Cellular Telephone
    Model No. X1
    IMEI: 351617070211327

1

(**TARGET DEVICES**), as described in Attachments A-1, A-2, and A-3, and seized evidence of crimes, specifically, violations of Title 21, United States Code, Sections 841 and 846. This search supports an investigation and prosecution of Juan MARTINEZ-Cabrera (MARTINEZ) for the crimes mentioned below. A factual explanation supporting probable cause follows.

2.   The **Target Devices** were seized on September 4, 2017, from MARTINEZ when he was arrested at the United States Border Patrol Highway 86 Checkpoint north of Westmorland, California, for possession of a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Section 841. The **Target Devices** are currently in the possession of the Department of Justice, Drug Enforcement Administration, Imperial County District Office, 2425 La Brucherie Road, Imperial, CA 92251.

3.   Based on the information below, there is probable cause to believe that a search of the **Target Devices** will produce evidence of the aforementioned crimes, as described in Attachments B-1, B-2, and B-3.

4.   The information contained in this affidavit is based upon my experience and training, consultation with other federal, state, and local law enforcement agents. The evidence and information contained herein was developed from interviews and my review of documents and evidence related to this case. Because this affidavit is made for the limited purpose of obtaining a search warrant for the **Target Devices**, it does not contain all of the information known by me or other federal agents regarding this investigation, but only contains those facts believed to be necessary to establish probable cause.

## EXPERIENCE AND TRAINING

5.   I am a Special Agent with the Drug Enforcement Administration (DEA) and have so been employed since October 2015. I am currently assigned to the Imperial County Enforcement Group 51. Upon being hired as a DEA Special Agent, I attended a twenty-week DEA academy in Quantico, Virginia where I received training in various aspects of narcotics investigations.

6.   In connection with my official DEA duties, I investigate criminal violations of federal drug laws and related offenses, including violations of Title 21, United States Code,

801 et seq. and the Federal Controlled Substance Act. I have received training, both formal and informal, in the enforcement of the drug laws, investigation of drug trafficking and money laundering organizations, drug recognition and terminology, undercover operations, interviewing techniques, and the use of electronic surveillance.

7. I have conducted investigations and/or participated in investigations related to the unlawful importation, possession with intent to distribute, and distribution of controlled substances. In conducting/participating in these investigations, I have used a variety of investigative techniques and resources, including physical and electronic surveillance and various types of informants and cooperating sources. Through my training, experience, and interaction with experienced agents, and other narcotics investigators, including those from the Federal Bureau of Investigation (FBI), Homeland Security Investigations (HSI), Bureau of Alcohol, Tobacco and Firearms (ATF), U.S. Customs and Border Protection (CBP), and other state and local law enforcement officers familiar with narcotics trafficking, I have become familiar with the methods employed by narcotics traffickers in general, and large Mexico-based Drug Trafficking Organizations (DTO) in particular, to smuggle, safeguard, and distribute narcotics, and to collect and launder narcotics-related proceeds.

8. Based upon my training and experience as a Special Agent, and consultations with law enforcement officers experienced in narcotics trafficking, controlled substance manufacture and distribution, and money laundering investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

   a. Conspirators involved in the manufacture and distribution of controlled substances will use cellular/mobile telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.

   b. Conspirators involved in the manufacture and distribution of controlled substances will use cellular/mobile telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

   c. Conspirators involved in the manufacture and distribution of controlled substances and their accomplices will use cellular/mobile telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.

3

d. Conspirators involved in the manufacture and distribution of controlled substances will use cellular/mobile telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.

e. Conspirators involved in the manufacture and distribution of controlled substances will use cellular telephones because they can easily arrange to meet co-conspirators and or potential buyers at predetermined locations.

f. Conspirators involved in the manufacture and distribution of controlled substances will use cellular/mobile telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings.

g. Conspirators involved in the manufacture and distribution of controlled substances often use cellular/mobile telephones to communicate with load drivers who transport their narcotics and/or drug proceeds.

h. The use of cellular telephones by conspirators or drug smugglers tends to generate evidence that is stored on the cellular telephones, including, but not limited to emails, text messages, photographs, audio files, call logs, address book entries, IP addresses, social network data, and location data.

9. Based upon my training, experience and consultations with law enforcement officers experienced in narcotics trafficking investigations, and all the facts and opinions set forth in this affidavit, I know that cellular/mobile telephones can and often do contain electronic records, phone logs and contacts, voice and text communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data. This information can be stored within disks, memory cards, deleted data, remnant data, slack space, and temporary or permanent files contained on or in the cellular/mobile telephone. Specifically, I know based upon my training, education, and experience investigating these conspiracies that searches of cellular/mobile telephones yield evidence:

a. tending to indicate efforts to memorialize the delivery of methamphetamine and other controlled substances and/or the importation of controlled

4

substances, including, but not limited to: phone logs, messages, photos, contact lists, and financial records;

b. tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the manufacture, distribution, or delivery of methamphetamine or some other controlled substances within the United States, or conspiracy thereof;

c. tending to identify co-conspirators, criminal associates, or others involved in the manufacture, distribution, or delivery of methamphetamine or some other controlled substances within the United States, or conspiracy thereof;

d. tending to identify travel to or presence at locations involved in the manufacture, distribution, or delivery of methamphetamine or some other controlled substances within the United States, or conspiracy thereof, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the Target Devices; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

10. On September 4, 2017, MARTINEZ was arrested at the Highway 86 United States Border Patrol Checkpoint, in possession of 20.979 kilograms (46.250 pounds) of methamphetamine concealed in an after-market compartment, within the rocker panels of the 2011 Honda Accord, registered to him. At the Highway 86 Border Patrol Checkpoint, Border Patrol Agent (BPA) Robert Raymer questioned MARTINEZ as to his citizenship and travel. MARTINEZ presented a Permanent Resident card and claimed he received a call a couple hours prior and that his aunt was sick in Indio, California. BPA David Weems advised that his Human and Narcotics Detection Dog (HNDD) had alerted to the vehicle. BPA Raymer asked and was granted consent by MARTINEZ to search his vehicle. In secondary inspection, a substance that tested positive for the characteristics of methamphetamine was discovered in after-market compartments located in the rocker panels of the vehicle belonging to

1  MARTINEZ (2011 Grey Honda Accord, CA registration 7VFN861; VIN:
2  1HGCP3F84BA000265.

3  11. The three cellular phones (**Target Devices**) were provided to DEA Agents,
4  within MARTINEZ's property, inside the Highway 86 Border Patrol Checkpoint.
5  MARTINEZ claimed ownership of the **Target Devices** and consented to the search of the
6  **Target Devices**. (Although DEA Agents were busy with other matters and ultimately did not
7  review or download the **Target Device**s at the time, the fact that MARTINEZ consented to a
8  review is included here in an abundance of caution.)

9  12. MARTINEZ was charged via complaint, in case 17MJ8929, on September 5,
10 2017, with one count of 21 USC 841(a)1. MARTINEZ had his initial appearance on
11 September 5, 2017. On September 29, 2017, MARTINEZ was indicted on one count of
12 possession of methamphetamine with intent to distribute in case 17CR3089AJB. MARTINEZ
13 was then arraigned on October 3, 2017, before Magistrate Judge Peter C. Lewis.

14 13. Based upon my experience and investigation in this case, I believe that
15 MARTINEZ, as well as other persons as yet unknown, were involved in an on-going
16 conspiracy to possess with intent to distribute methamphetamine or some other prohibited
17 drugs. Based on my experience investigating narcotics traffickers, I also believe that
18 MARTINEZ likely used the **Target Devices** to coordinate with co-conspirators regarding the
19 manufacture and distribution of controlled substances, and to otherwise further this conspiracy
20 within the United States. I also know that recent calls made and received, telephone
21 numbers, contact names, electronic mail (e-mail) addresses, appointment dates, text
22 messages, pictures and other digital information are stored in the memory of the **Target**
23 **Devices** which may identify other persons involved in narcotics trafficking activities.
24 Accordingly, based upon my experience and training, consultation with other law
25 enforcement officers experienced in narcotics trafficking investigations, and all the facts
26 and opinions set forth in this affidavit, I believe probable cause exists that evidence of the
27 narcotics trafficking activities of MARTINEZ, such as telephone numbers, made and
28 received calls, contact names, electronic mail (e-mail) addresses, appointment dates,
messages, pictures and other digital information are stored in the memory of the **Target**

6

**Devices**.

14. Finally, narcotics trafficking activities require detailed and intricate planning to successfully evade detection by law enforcement. In my professional training and experience, this requires planning and coordination in the days and weeks and often months prior to the event. Additionally, co-conspirators are often unaware of the subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine the whereabouts of their valuable cargo. Given those facts, I respectfully request permission to search the **Target Devices** for data beginning on August 1, 2017, up to and including September 4, 2017.

## METHODOLOGY

15. It is not possible to determine, merely by knowing the cellular/mobile telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular/mobile devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular/mobile service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular/mobile telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular/mobile telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually

and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

16. Following the issuance of this warrant, I will collect the subject cellular/mobile telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

17. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## CONCLUSION

18. Based on all of the facts and circumstances described above, there is probable cause to conclude that MARTINEZ used the **Target Devices** to facilitate violations of Title 21, United States Code, Sections 841 and 846.

19. Because the **Target Devices** were promptly seized during the investigation of MARTINEZ's narcotics trafficking activities and have been securely stored, there is probable cause to believe that evidence of illegal activities committed by MARTINEZ continues to exist on the **Target Devices**. As stated above, I believe that the date range for this search is from August 1, 2017 up to and including September 4, 2017.

20. WHEREFORE, I request that the court issue a warrant authorizing law enforcement agents and/or other federal and state law enforcement officers to search the items described in Attachments A-1, A-2, and A-3, and the seizure of items listed in Attachments B-1, B-2, and B-3, using the methodology described above.

//
//
//

I swear the foregoing is true and correct to the best of my knowledge and belief.

                                              Jessica Lohner
                                              Special Agent
                                              Drug Enforcement Administration

Subscribed and sworn to before me this \_\_2ND\_\_ day of November, 2017.

                                              The Honorable Peter C. Lewis
                                              United States Magistrate Judge